UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
CIVIL DIVISION

CAROLYN PIERRE,                                          }
ON BEHALF OF HERSELF AND                                 }
ALL OTHERS SIMILARLY SITUATED,                           }
                                                         **}**
                                    Plaintiff,           }          Civil Action, File No.
                        v                                }          1:19-cv-06276-JPO
                                                         }
FINANCIAL RECOVERY SERVICES, INC.,                       }
                                                         }
                                    Defendant.           }

## COMPLAINT

## DEMAND FOR TRIAL BY JURY

Plaintiff, Carolyn Pierre [hereinafter "Pierre"] on behalf of herself and all others similarly situated, by and through her attorney, Mitchell L. Pashkin, Esq., complains of Defendant, Financial Recovery Services, Inc. [hereinafter "FRS"], and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on Defendant's regular transaction of business within this district.  Venue in this district also is proper based on Defendant possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  Defendant also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4.  Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5.  Pierre is a natural person who resides in Bronx, NY.

6.  Pierre is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7.  On or about February 8, 2018, FRS sent Pierre the letter annexed as Exhibit A. Pierre received and read Exhibit A. For the reasons set forth below, Pierre's receipt and reading of Exhibit A deprived Pierre of her rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8.  Per statements and references in Exhibit A, FRS sent Exhibit A to Pierre in an attempt to collect a past due debt.

9.  The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, allegedly being issued a credit card account by Barclays Bank Delaware for her individual use, allegedly individually incurring charges by using the credit card account primarily for personal, family or household purposes, and then, as an individual, allegedly failing to pay for these charges. FRS, via Exhibit A attempted to collect this past due debt from Pierre in her individual capacity; and Exhibit A did not refer to any kind of business associated with the account.

10.  Based on the above, the past due debt at issue in Exhibit A arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.  FRS is a Minnesota Business Corporation and a New York Foreign Business Corporation with a principal place of business located 4510 W. 77th Street, Ste. 200, Edina, MN 55435.

12.  Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs.

13. FRS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

14. On Exhibit A, FRS sets forth that it is a debt collector attempting to collect a debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

15. Based upon Exhibit A and upon FRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of FRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

16. Based upon the allegations in the above three paragraphs, FRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

17. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

18. In the top right portion of Exhibit A, Exhibit A sets forth a "Total Balance Due" of $8140.19.

19. The body of the letter sets forth the following statement: "As of the date of this letter you owe $8140.19"

20. In addition, the bottom of Exhibit A contains three payment coupons each of which set forth

the following: "Balance Due as of February 8, 2018: $8140.19"

21. Setting forth the amount of the debt "as of" a certain date implies that the balance is not static; and therefore, conflicts with setting forth a "total balance due".

22. As a result of the aforementioned conflicting statements and their placement in Exhibit A, these conflicting statements could leave the least sophisticated consumer uncertain as to whether or not the amount of the debt is static; and therefore Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## SECOND CAUSE OF ACTION-CLASS CLAIM

23. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

24. The body of the letter sets forth the following statement: "As of the date of this letter you owe $8140.19"

25. The bottom of Exhibit A contains three payment coupons each of which set forth the following: "Balance Due as of February 8, 2018: $8140.19"

26. Describing the amount of the debt as being "as of the date of this letter" or as of a particular date in and of itself amounts to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and/or 15 USC 1692e(10).

## THIRD CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-16 of this Complaint.

28. Exhibit A amounted to a false, deceptive or misleading means in connection with the

collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FOURTH CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-169 of this Complaint.

30. Defendants violated 15 USC 1692g as a result of FRS sending Exhibit A to Pierre.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

32. The classes consist of (a) all natural persons (b) who received a letter from FRS dated between February 8, 2018 and the present (c) to collect on a consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

33. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

35. The predominant common questions are whether Defendants' letters and debt collection lawsuits violate the FDCPA.

36. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

37. A class action is the superior means of adjudicating this dispute.

38. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1.  A Judgment against Defendant in favor of Plaintiff and the class members for statutory

    damages, and costs and attorney's fees; and

2.  Any and all other relief deemed just and warranted by this court.

Dated:          August 2, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107